UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS,       ) | |
| ) | |
| PLAINTIFF  ) | |
| ) | |
| V.           ) | CIVIL NO. 1:16-CV-235-DBH |
| ) | |
| EVERY JUDGE IN MAINE, ET AL.,   ) | |
| ) | |
| DEFENDANTS  ) | |

### ORDER AFFIRMING RECOMMENDED DECISION
### OF THE MAGISTRATE JUDGE

On July 20, 2016, the United States Magistrate Judge filed with the court, with a copy to the plaintiff, his Recommended Decision After Screening Pleading Pursuant to 28 U.S.C. § 1915. (ECF No. 5.) The plaintiff filed his objection to the Recommended Decision on August 5, 2016. ("Pl.'s Obj.") (ECF No. 6.) I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as clarified below, and determine that no further proceeding is necessary.

I make the following additional observations about the merits of the plaintiff's constitutional claim because he gave the Magistrate Judge very little detail in his original Complaint beyond claiming that what happened to him was extortion. See Compl. at 4-5 (ECF No. 1). In the plaintiff's objection to the

Recommended Decision (titled "Motion for Leave of Court to Amend Complaint"),[1] he has now given ten pages of single-spaced arguments and assertions, along with exhibits.

This is a dispute over the bail bond fee that Maine law permits a bail commissioner to charge in setting bail. 15 M.R.S.A. § 023(5) (2015). The maximum fee is $60, which is what the commissioner charged Williams on September 19, 2014, when he set bail for Williams at $500 upon Williams's arrest. Pl.'s Obj. at 1. When the charges against Williams were ultimately dismissed, he received a refund of his $500 bail, but not the $60 bail bond fee. Id. Nowhere does Williams allege that he was indigent at the time of his arrest and unable to pay the fee. In fact, he did pay it and secured his release on bail.[2] See id. As a result, I find it unnecessary to determine whether Williams could have requested relief from the fee based upon indigency.[3]

---

[1] The full title of the plaintiff's objection is "Motion for Leave of Court to Amend Complaint, Motion for Recusal of Judge Nivison and to Add Him to the Defendants, and Notice of Glitch in Pacer/EMECF System." (ECF No. 6.)

[2] In this federal lawsuit, Williams requested on July 8, 2016, permission to proceed without prepaying fees and costs, and the Magistrate Judge granted the request on July 10, 2016, but that is neither an allegation nor a determination that he was unable to pay the sixty dollar bail commissioner's fee in 2014, and Williams does not say that it is.

[3] See 15 M.R.S.A. § 1023(5) ("The sheriff of the county in which the defendant is detained may create a fund for the distribution by the sheriff or the sheriff's designee for the payment in whole or in part of the $60 bail commissioner fee for those defendants who do not have the financial ability to pay that fee."). A report from a Maine task force established to study and make recommendations to improve pretrial procedures states: "Currently, Kennebec County is the only county with an active bail commissioner fee fund." Hon. Robert E. Mullen, Report of the Intergovernmental Pretrial Justice Reform Task Force at 23 (Dec. 2015). Williams was arrested in Waldo County. See Pl.'s Obj. at 1.

According to 15 M.R.S.A. § 1023(8), "[t]he Chief Judge of the District Court may adopt rules requiring a bail commissioner to appear and set bail regardless of whether the defendant is indigent and unable to pay the bail commissioner's fee. The Chief Judge of the District Court may also adopt rules governing the manner in which a bail commissioner is paid in the event an indigent person is released on bail and is unable to pay the bail commissioner's fee." Maine has adopted a rule governing defendants who qualify for release on personal recognizance or unsecured appearance bonds and who cannot pay the bail commissioner's fee (requiring the bail commissioner not to refuse to set bail just because the person in custody is unable to pay the

Instead, Williams's challenge is to the imposition of a fee that is unrefundable even when a person is never found guilty of the criminal charges that provoked the bail and the bail fee. Williams calls the retention of this unrefundable fee extortion, and says that his "actionable claim is common law extortion." Pl.'s Obj. at 5.

There has been recent public debate about Maine's system for pretrial incarceration and restrictions. This past December, Maine's Pretrial Justice Reform Task Force recommended eliminating the requirement that defendants in Maine pay bail commissioner fees, stating:

> The Task Force believes that Maine law should be amended to create a centralized statewide fund from which bail commissioners could be paid. They would be paid on a flat set fee for each bail occurrence.
> The Task Force felt that whether a person is promptly bailed should not depend upon the individual's ability to secure the bail commissioner's fee. Additionally, many members of the bail subcommittee expressed the concern that Defendants do not currently pay for the salaries for administrative functions of employees who perform other pretrial functions and that the same rule should apply to bail commissioners.

Hon. Robert E. Mullen, Report of the Intergovernmental Pretrial Justice Reform Task Force at 24 (Dec. 2015). Legislation was introduced to have the Judicial Department pay the bail commissioner fee, see L.D. 1639, § 4 (127th Legis. 2016), but it was amended to delete that requirement, stating that "[t]he Chief Justice of the Maine Supreme Court has committed to establishing a working group to address the challenges of the current bail system, including the issue

---

fee), see M.R.U. Crim. P. 46(b)(2), but I am unaware of any rule or proposed rule governing the situation where a person in custody is able to pay the bail set by the bail commissioner but unable to pay the bail commissioner's fee. Williams does claim that he requested a refund from the clerk who refunded him the $500 bail, but not on the basis of indigency. See Pl.'s Obj. at 1.

of bail commissioner fees." Comm. Amend. A to L.D.1639, No. S-453 (126 Legis. 2016).

But whether Maine's pretrial bail system could be improved is a far different question than whether it violates federal law, specifically the U.S. Constitution. Williams says that he is not raising an excessive bail argument under the Eighth Amendment, but he does argue violations of the Fourth Amendment (an unreasonable seizure); the Fifth[4] and Fourteenth Amendments (deprivation of liberty and property without due process; denial of equal protection); and the Sixth Amendment (Williams did not have a lawyer when the bail commissioner set the fee). See Pl.'s Obj. at 3-4.

I am aware of no authority for the proposition that there is a Sixth Amendment right to counsel when the bail commissioner sets his fee.

I follow the Fifth Circuit's decision that a bail fee does not create a Fourth Amendment problem. Broussard v. Parish of Orleans, 318 F.3d 644, 662 (5th Cir. 2003).

With respect to due process[5] and equal protection, the Supreme Court of the United States and federal appellate courts have made clear that reasonable administrative amounts can be charged for the bail process as a "cost-retention provision." Schilb v. Kuebel, 404 U.S. 357, 365 (1971). In Schilb, the Supreme Court of the United States upheld Illinois's bail-fee system despite the arguments that it (1) "is imposed on only one segment of the class gaining pretrial release;

---

[4] The Fifth Amendment is not really applicable because Williams is challenging state legislation and procedures, and the Fourteenth Amendment applies there.
[5] I cannot tell from Williams's pleadings whether he is asserting a substantive or a procedural due process violation, but both fail.

4

(2) that it is imposed on the poor and nonaffluent and not on the rich and affluent; and (3) that its imposition with respect to an accused found innocent amounts to a court cost assessed against the not-guilty person." Id. at 366 (footnote omitted). Schilb focused on the equal protection arguments and rejected them. Id. at 365-369. But in rejecting the argument that a bail fee is a denial of due process because it amounts to court costs assessed against an innocent person, the Court held that "bail bond costs" are not costs of prosecution, but "an administrative cost imposed upon all those, guilty and innocent alike, who seek the benefit of [a bail bond with a 10% cash deposit]." Id. at 370-71. It found therefore that a bail-fee system did not violate the Due Process Clause, unlike Giaccio v. Pennsylvania, 382 U.S. 399 (1966), where the Court had found it unconstitutional for Pennsylvania to impose court costs on a defendant whom the jury acquitted.[6] Id. at 404-05. After Schilb, the Fifth Circuit upheld Louisiana's bail bond fee against a due process challenge, reasoning "that Schilb specifically rejected a fundamental rights implication of such fees," that the private interests at stake were "not great," and that the due process argument failed because the state could validly claim administrative fees to run the system. Broussard, 318 F.3d at 655. The Seventh Circuit did likewise in Payton v. Cty. Of Carroll, 473 F.3d 845, 850-51 (7th Cir. 2007). Most of these cases and others that the Magistrate Judge cites in his Recommended Decision involved lower

---

[6] The Fifth Circuit has said that Schilb was not a due process case, see Broussard, 318 F.3d at 652-653, but I agree with the Third Circuit that it was, on account of its treatment of the Giaccio case. See Buckland v. Montgomery Cty. Of Commw. of Pa., 812 F.2d 146, 148 (3d Cir. 1987).

5

administrative payments[7] than Maine's $60 fee, but $60 is within the constitutional range of a cost-retention provision.[8]

Williams seems to suggest that state actors violated his Fourteenth Amendment right to equal protection because he was

> prosecuted in retaliation with intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. The Plaintiff was extorted the $60 bail fee for mailing a document at the order of the Defendants, the Belfast District Court and three of its judges.

Pl.'s Obj. at 7-8 (internal quotation marks omitted). But his lawsuit here is not about that prosecution, only the bail commissioner's fee. He has made no plausible allegation that the bail commissioner in extracting his statutory fee was somehow responsible for the alleged retaliation that the criminal prosecution represented. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-62 (2007).

It is apparent that Williams is greatly aggrieved over the fact that he had to pay the $60 fee in order to post $500 bail and that once the criminal charges were dismissed, he was refunded only his $500, not his $60. The appropriate place to air his grievance, however, is with the Maine Legislature. Given the caselaw, this court cannot determine that Maine's current system is unconstitutional.

---

[7] In Schilb, the fee retained was $7.50, which was 1% of the specified bail and 10% of the amount actually deposited with the clerk of the court. 404 U.S. at 358. The fee described in the discussion in Payton was $33. 473 F.3d at 851. The fee in Broussard was $15. 318 F.3d at 647. In another Seventh Circuit case, Markadonatos v. Village of Woodbridge, 760 F.3d 545, 545-46 (7th Cir. 2014) (per curiam), the plaintiff paid a $30 fee.

[8] In sharp contrast to Maine's maximum bail fee, the plaintifs in Buckland were assessed constitutionally permissible fees between $200 and $1500. 812 F.3d at 147.

6

In conclusion, I agree with the Magistrate Judge's recommended decision to dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted. As a result, the plaintiff's motion to amend the Complaint "to remove the 'class action' status," "to remove the Maine association of Police and the Maine State BAR Association as Defendants," and to add the Magistrate Judge "to the list of the Maine judges that are Defendants" is **MOOT**. Pl.'s Obj. at 10. So, too, are his "Request for U.S. District Court to Subpoena Records" and his "Request for Sanctions" against a state judge. (ECF No. 7.)

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The plaintiff's Complaint is **DISMISSED**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF AUGUST, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**