UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRADLEY PAUL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00235-DBH |
| | ) | |
| EVERY JUDGE, DISTRICT ATTORNEY, | ) | |
| POLICE OFFICER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION**

In this action, Plaintiff challenges the constitutionality of the bail commissioner fee that he was required to pay following his arrest. Plaintiff maintains the fee should have been returned to him when the charges for which he was arrested were subsequently dismissed. The fee was collected in accordance with section 1023 of the Maine Bail Code (15 M.R.S. § 1001, et seq.). Plaintiff sought to join in the case numerous defendants, including "Every Judge, District Attorney, Police Officer & Bail Commissioner in Maine." (ECF No. 1.)

After review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommended the Court dismiss Plaintiff's complaint. (ECF No. 5.) Plaintiff subsequently moved to amend his complaint, and for my recusal. (ECF No. 6.) Plaintiff contends my recusal is warranted because I previously served as a Maine state judge and thus, in Plaintiff's view, participated in the alleged unlawful collection or enforcement of the bail commissioner's fee. Plaintiff also sought to join me as a defendant in this action.[1] As explained below, Plaintiff's motion for recusal is denied.

---

[1] The Court recently affirmed the recommended decision and declared Plaintiff's requests to amend his complaint and to join me as a defendant to be moot. (Order Affirming Recommended Decision at 7, ECF No. 8.)

**Discussion**

Under 28 U.S.C. §§ 144 and 145, which govern recusal on motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "To require disqualification, the alleged bias or prejudice must be both '(1) personal, i.e., directed against a party, and (2) extrajudicial.'" *Id.* (quoting *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979)). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable man." *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976). Similarly, by law a judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Here, Plaintiff does not cite any facts which would support a finding of personal bias against him. Instead, he evidently argues that my prior service as a state court judge precludes an objective assessment of his challenge to the bail commissioner fee. The mere fact that I presided over cases involving individuals who posted bail and paid the bail commissioner's fee does not warrant recusal. Indeed, not infrequently, judges in the federal and state courts entertain constitutional challenges to statutes that might have been unchallenged in prior matters over which they presided.

Plaintiff's attempt to include me as a defendant in this action also does not require recusal. The First Circuit has recognized that recusal is not required when a party threatens or commences a lawsuit:

In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990) (table); *see also, e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (same), *cert. denied,* 435 U.S. 954 (1978).

*Tamburro v. City of East Providence,* Nos. 92-1321, 92-1322, 92-1323, 92-1324, 1992 WL 380019, *1, 1992 U.S. App. LEXIS 32825, *3-*4 (1st Cir. Dec. 18, 1992) (unpublished).

In evaluating a motion for recusal, I am mindful that a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam). Upon review of Plaintiff's filings, I perceive no legitimate basis for Plaintiff's attempt to join me as a party, nor can I discern any other basis that requires recusal.

## Conclusion

Based on the foregoing analysis, Plaintiff's motion for recusal is denied.

### NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of August, 2016.