UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRADLEY PAUL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00235-DBH |
| | ) | |
| EVERY JUDGE, DISTRICT ATTORNEY, | ) | |
| POLICE OFFICER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR INJUNCTIVE RELIEF**

This matter is before the Court on Plaintiff's motion for injunctive relief. (ECF No. 11.) Through the motion, Plaintiff asks the Court to enjoin certain individuals from "further police calls, warrants, arrests, threats, intimidation, harassment, tampering, and violence against him." (*Id*. at 3.)  He also requests that the Court determine that any future criminal matters in which he is involved proceed in federal court rather than state court.  (*Id*.)  Plaintiff seeks both a temporary and a permanent injunction.  (*Id*.)

After review of Plaintiff's motion and the record, I recommend the Court deny Plaintiff's motion.

**Discussion**

To obtain the immediate injunctive relief he seeks, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest."  *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).  "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot

demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

On August 15, 2016, the Court dismissed Plaintiff's complaint.  (ECF No. 8.)  Plaintiff thus does not have a pending claim in this Court.  To the extent Plaintiff requests an injunction in anticipation of an appeal from the order dismissing this case, given this Court's dismissal of the case, Plaintiff cannot on the claim he filed in this Court satisfy the "likelihood of success" prerequisite to injunctive relief.  Plaintiff, therefore, is not entitled to injunctive relief in this matter.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for injunctive relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district county is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of September, 2016.

2